UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dale Edwards, et al., | ) | CASE NO. 1:09 CV 773 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| A. Clifford Thornton, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendants' Amended Motion to Dismiss Pursuant to Civil Rule 12(b)(6) & (7) (Doc. 12).  Also pending is defendants' Motion for Sanctions Pursuant to Federal Civil Rule 11(c)(2) (Doc. 7).  This is a civil rights case.  For the reasons that follow, the motion to dismiss is GRANTED and the motion for sanctions is DENIED.

**FACTS**

Plaintiffs, Dale Edwards, Consolidated Church Financial ("Consolidated Church"), Dejan Performing Arts and Learning Center, Inc. ("Dejan"), and D&E Communications, Inc.

("D&E")(collectively "State Court Defendants"), filed this lawsuit against defendants, A. Clifford Thornton and Harvest Missionary Church, alleging wrongdoing in connection with a state court proceeding.

Plaintiffs were defendants in a state court lawsuit involving church property.  During the pendency of the lawsuit, the attorney representing Edwards, Dejan and D&E became ill and was unable to continue the representation.  In November of 2006, certain parties requested a continuance of the trial.  The trial judge granted the continuance based on the attorney's illness and the trial was set for March 1, 2007.  On February 23, 2007, an attorney entered an appearance on behalf of these parties.  A second request for a continuance was denied by the trial judge and the case proceeded to a jury trial.  Although not entirely clear from the complaint, it appears that this attorney was present at trial, but Edwards nonetheless represented himself pro se.  In addition, Dejan and D&E were without counsel.  On March 8, 2007, the parties reached a purported settlement.  Shortly thereafter, the trial court held a three-day hearing and concluded that an enforceable settlement existed.  The state court then granted a motion to enforce the settlement.[1]  The order provided that, in the event the State Court Defendants refused to cooperate with the terms of the settlement, the attorney for the state court plaintiffs could prepare a deed to execute transference of certain property.  The State Court Defendants appealed.  The State Court Defendants argued that the lack of counsel precluded an enforceable settlement and further claimed that no settlement agreement was reached.  The court of appeals rejected these arguments and affirmed the trial court's determination.  Thereafter, the State Court Defendants

---

[1] At some point, Artis Caver, who is not a party to this lawsuit, filed a bankruptcy petition.  None of the parties to this lawsuit filed bankruptcy petitions.

undertook various procedural attempts in the state court system to reverse the trial court's conclusion. All of these attempts were rejected.

Thereafter, the State Court Defendants, who are now plaintiffs in this case, filed a claim for violation of due process. Plaintiffs then amended their complaint. The amended complaint contains seven claims for relief. Count one is a claim for conspiracy to violate plaintiffs' constitutional rights. Count two is a claim for malicious prosecution. Count three is a state law claim for conspiracy. Counts four and five allege intentional and negligent infliction of emotional distress, respectively. Count six is a claim asserted pursuant to 42 U.S.C. § 1983 for violation of due process. Count seven, improperly numbered as a second count six, asserts a claim for "violation of automatic stay."

Defendants move to dismiss and plaintiffs oppose the motion.

## ANALYSIS

The defendants move to dismiss based on plaintiff's alleged failure to state a claim. Although not raised by the parties, this Court must first consider whether jurisdiction over this matter exists. Upon review, the Court finds that it lacks jurisdiction and, therefore, the case must be dismissed.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the plaintiffs filed a lawsuit in federal district court arguing that an adverse state court judgment was "null and void." The Court held that 28 U.S.C. § 1257 vests the Supreme Court with exclusive jurisdiction over state court appeals. Because district courts are courts of original, as opposed to appellate jurisdiction, the district court lacked subject matter jurisdiction over the case. Sixty years later, the Supreme Court decided *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In

*Feldman*, the Court in essence held that bar applicants could not appeal a decision from the District of Columbia Court of Appeals rejecting their bar applications. The holdings in these two cases are now commonly known as the *Rooker-Feldman* doctrine.

Recently, the Supreme Court has criticized district courts for expanding the *Rooker-Feldman* doctrine. For example, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) the Court reiterated that the doctrine is confined to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. Thus, in *Exxon Mobil*, the Court held that the *Rooker-Feldman* doctrine does not preclude a district court from exercising subject matter jurisdiction over a case even though a parallel state court case is proceeding. Because the complainant is not a "state-court loser," the doctrine does not apply. *See also, Lance v. Dennis*, 546 U.S. 459 (reiterating that *Rooker-Feldman* doctrine is to be narrowly construed).

In this case, the holding in *Rooker* is directly applicable. The federal claims asserted in this case, *i.e.*, conspiracy to violate due process and violation of due process, invite this Court to analyze the validity of the state court judgment. Specifically, plaintiffs allege that they were denied due process in state court because a settlement was imposed on them without the benefit of counsel and after a notice of appeal had been filed. As a result of the settlement, plaintiffs allege that their property was taken in violation of the Due Process Clause. Plaintiffs further allege that the trial court judge and the defendants conspired to engage in this behavior.

Even a cursory review of the decision in *Harvest Missionary Baptist Church v. Caver*, 2008 WL 2058642, (Oh. Ct. App. 8th Dist. May 15, 2008) demonstrates that these very issues

4

were addressed by the state court of appeals. Specifically, the court addressed the effect the absence of counsel had on the settlement. In addition, the court upheld the validity of the settlement. As for the notice of appeal, the court of appeals certainly knew of the timing of the notice and its effect on the settlement. Accordingly, plaintiffs cannot now come to this Court arguing that the settlement and the procedures leading up to it violate due process. Plaintiffs are state court losers seeking to attack the validity of the state court judgment. This Court, however, is not the proper forum. Rather, by statute, any appeal from an adverse state court judgment must be brought before the Supreme Court. Accordingly, this Court lacks jurisdiction over the federal claims asserted in this case.[2]

Plaintiffs also assert a "claim" for violation of the automatic stay. However, plaintiffs allege that Caver, not any of the plaintiffs, filed for bankruptcy protection. Accordingly, no "claim" for violation of the automatic stay exists.

In that federal question jurisdiction does not exist, and it is apparent from the face of the complaint that diversity is lacking, the Court declines to exercise jurisdiction over the remaining state law claims.

The Court has reviewed the motion for sanctions and declines to impose sanctions in this

---

[2] Plaintiffs rely on *Sparks v. Dennis*, 449 U.S. 24 (1980), wherein the Supreme Court addressed a claim asserted against a state court judge and the defendants who bribed the judge into issuing an injunction. There, the Supreme Court held that the claims could proceed even in the absence of the judge, who was entitled to immunity. Notably, however, the plaintiffs in *Sparks* had the injunction dissolved by the state court of appeals. Thus, the parties were not attempting to appeal an adverse state court judgment. *Sparks* simply has no application to the instant case.

case. Although jurisdiction is lacking, defendants did not challenge the Court's jurisdiction.[3] Because the basis for dismissal was not raised by defendants, the Court finds that sanctions would not be proper.

### CONCLUSION

For the foregoing reasons, defendants' Amended Motion to Dismiss Pursuant to Civil Rule 12(b)(6) & (7) (Doc. 12) is GRANTED and defendants' Motion for Sanctions Pursuant to Federal Civil Rule 11(c)(2) (Doc. 7) is DENIED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/28/09

---

[3] The defendants argued that the plaintiffs were not denied due process and that the claims are barred by the doctrines of res judicata, collateral estoppel, or waiver. Defendants did not, however, identify *Rooker-Feldman* or seek dismissal based on lack of jurisdiction.